[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks to recover the sum of $10,000, plus costs CT Page 10984 of collection, by virtue of a promissory note executed by the defendants, Modestino and Vincent Roca. The note was originally payable to "Julia, Inc.", owner of restaurant and bar equipment conveyed to the defendants as consideration for the note. Upon the dissolution of Julia, Inc., the note was assigned to the plaintiff.
The above-named defendants have interposed three special defenses and a two-count counterclaim. A third defendant, Joann L. Roca, wife of Vincent Roca, was cited in by the plaintiff to answer allegations that the defendant Vincent Roca conveyed to her his one half interest in their family residence to defraud creditors — specifically, the plaintiff.
 I
The plaintiff has not satisfied the requirements of the Uniform Fraudulent Transfer Act, Sections 52-552a to 52-552l of the Connecticut General Statutes, and judgment may enter for the defendant, Joann L. Roca. The sole evidence to support this claim was that the husband, Vincent Roca, conveyed his one half interest in the family home to his wife, Joann Roca, without consideration. There was no evidence that Vincent Roca was thus rendered insolvent or became unable to pay his creditors. In fact, he testified that he owned another piece of real property at the time.
 II
As for the special defenses, the first states the plaintiff is not a holder in due course, and the second recites the allegation that the plaintiff, as president of Julia, Inc., "knew that there were defenses to said action when said note was assigned to the plaintiff." There was no action pending when the note was assigned.
The court has heard or seen nothing from the defendants as to how these defenses affect their liability on the note, and these two special defenses are rejected.
 III
The third special defense and the counterclaim amount to: 1) a claim for a credit for $3,328.56, representing the sum paid by the defendants to liquor dealers who were owed money by Julia, CT Page 10985 Inc.; and 2) a claim that the defendants suffered financial losses in that they were delayed in obtaining their liquor license because of these unpaid bills.
A. The defendants' attempts to show that the delay in licensing was due to the unpaid bills must fail. An agent for the liquor control division did not characterize this licensing process as unusually long, and there was no evidence it was prolonged by the non-payment.
B. The plaintiff's response to the claim for a credit is that the defendants did not have to pay the unpaid bills, and he could have negotiated settlements of these bills for less than $3,328.56. The short answer to this latter point is that he did not negotiate a settlement, and he was personally liable for the bills of Julia, Inc. Nor did he know how much of a reduction he could have effected.
As for the argument that the defendants did not have to pay the bills, this borders on the ridiculous. The defendants were paying rent and were open to sell food only. Without a liquor license, their income was a fraction of what it became with a license. An examination of the exhibits from the file of the liquor control division and testimony from the agent reveals that unless payment was made, the delay would have been considerable. This would have damaged the defendants and would in all likelihood, have subjected the plaintiff to substantial claims for damages.
Finally, it is undisputed that the plaintiff received a benefit by virtue of the payment by the defendants. He was personally liable for the bills in question and could have been sued by his creditors. It is also significant that, though the plaintiff says the defendants did not have to pay these bills to get a license, his affidavit to the liquor control division outlining the reasons for his position was not persuasive, and the license was denied.
C. It is therefore the conclusion of the court that the defendants are entitled to a credit toward the balance of this note in the amount of $3,328.56.
 IV
The note permits the plaintiff to recover his attorney's fees CT Page 10986 in connection with the collection of the balance of the note. The plaintiff has submitted an affidavit and itemized bill showing about 26 hours devoted to this case.
The court finds that amount of time unreasonable for this case and awards instead the sum of $1,500.00.
CONCLUSION
Judgment may enter for the plaintiff to recover of the defendants, Modestino Roca and Vincent Roca, the sum of $8,171.44. Judgment may enter for the defendant, Joann L. Roca.
Anthony V. DeMayo Judge Trial Referee